Matevos OGANNISIAN, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

Matevos Ogannisian, Petitioner,

v.

Michael B. Mukasey, Attorney
General, Respondent.

Nos. 04–72350, 04–76533.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2008.*

Filed April 1, 2008.

Artem M. Sarian, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Office of the District Counsel Department Of Homeland Security, San Francisco, CA, Virginia Lum, Anthony W. Norwood, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GIBSON,** O'SCANNLAIN, and GRABER, Circuit Judges.

MEMORANDUM ***

Petitioner Matevos Ogannisian petitions for review from the Board of Immigration

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provid-

Appeal's ("BIA") summary affirmance of the immigration judge's ("IJ") denial of his application for asylum and withholding of removal.[1] Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency determination. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003). We review for substantial evidence an IJ's determination of a petitioner's credibility, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), eligibility for asylum, *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir.2004), and eligibility for withholding of removal, *Kaur v. Ashcroft*, 379 F.3d 876, 884 (9th Cir. 2004).

■ The IJ found Petitioner not credible. Although we defer to an IJ's credibility determination, the IJ must be explicit, *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137–39 (9th Cir.2004), and must articulate the bases for the determination on the record, *Singh v. Ashcroft*, 301 F.3d 1109, 1114 (9th Cir.2002). Here, the IJ stated that Petitioner's testimony "was not consistent," "conflicted with information provided in his written account," and "oftentimes conflicted with information provided in the supporting document," yet the IJ never identified a single actual contradiction,[2] nor does the Government identify one. "Generalized statements that do not identify specific examples of evasiveness or contradiction in the petitioner's testimony" do not constitute substantial evidence. *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998). Because the IJ's adverse credibility finding was not based on substantial evidence,

we must accept Petitioner's testimony as true. *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir.2004).

■ Even assuming Petitioner to be credible, the IJ held him ineligible for asylum and withholding of removal because he did not demonstrate past persecution or a well-founded fear of future persecution. Petitioner testified that, on two separate occasions, he was arrested, detained, and beaten unconscious, and that one of those detentions lasted for three days. Under our precedents, that conduct rises to the level of persecution. *Compare Guo v. Ashcroft*, 361 F.3d 1194, 1202–03 (9th Cir.2004) (finding persecution from a one-and-a-half day detention where the petitioner was punched, kicked, and forced to sign a religious document), *with Gu v. Gonzales*, 454 F.3d 1014, 1017–20 (9th Cir. 2006) (failing to find persecution from a two-hour detention where the petitioner was beaten once).

> A showing of past persecution gives rise to a presumption that the applicant has shown a clear probability of future persecution.... In order to rebut the presumption, the INS must show that country conditions have so changed that it is no longer more likely than not that the applicant would be persecuted should he be forced to return.

*Navas v. INS*, 217 F.3d 646, 657 (9th Cir.2000) (citations omitted). Here, the Government presented no evidence before the IJ or the BIA of changed circumstances in Russia. On remand, the Gov-

---

ed by Ninth Circuit Rule 36–3.

1. Because we grant the petition on these claims, we need not address Petitioner's claim under the Convention Against Torture or his appeal of the BIA's denial of his motion to reopen.

2. In a separate part of his opinion, the IJ noted a *potential* conflict in dates concerning

incidents of persecution, namely, that Petitioner testified that a second incident occurred in March 1998, although he previously had spoken of the first incident as happening in July 1998. The record belies the IJ's assertion. Petitioner explicitly testified that the first incident occurred in *January* 1998, that is, before the second incident.

ernment may not supplement the record in this regard. *Nuru v. Gonzales,* 404 F.3d 1207, 1228 (9th Cir.2005).

PETITION GRANTED and REMANDED.

---

\* The Honorable Louis F. Oberdorfer, Senior United States District Judge for the District of Columbia, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.